```
UNITED STATES DISTRICT COURT          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK         DOCUMENT
------------------------------------X ELECTRONICALLY FILED
  JUSTIN GOLDMAN,                   : DOC #: _____
                                    : DATE FILED: August 21, 2017
                       Plaintiff,   :
                                    :
             -v-                    :
                                    :       17-cv-3144 (KBF)
  BREITBART NEWS NETWORK, LLC,      :
  HEAVY, INC., TIME, INC., YAHOO, INC., :    MEMORANDUM
  VOX MEDIA, INC., GANNETT COMPANY, :       DECISION & ORDER
  INC., HERALD MEDIA, INC., BOSTON  :
  GLOBE MEDIA PARTNERS, INC., and NEW :
  ENGLAND SPORTS NETWORK, INC.,     :
                                    :
                       Defendants.  :
------------------------------------X
```

KATHERINE B. FORREST, District Judge:

This is a one count action for copyright infringement against the above multitude of defendant media companies. Plaintiff—about whom the Second Amended Complaint ("SAC") (ECF No. 38) says almost nothing—owns the copyright to a photograph of Tom Brady walking with members of the Boston Celtics (various copies of the photograph that are alleged to have appeared on defendants' websites). On its face, the photograph is newsworthy as it connects Brady—a prominent football figure—with a closely-watched move of an NBA player, Kevin Durant.

All defendants have moved to dismiss the SAC on two separate bases: non-infringement based on the use of a technological process referred to as "embedding," and fair use. For the reasons set forth below, the Court has determined that it cannot resolve either of the instant motions under the Rule 12(b)(6) standard of review. The case law in this area, and the facts necessary to resolve the motions,

1

make the motions a poor fit for a motion to dismiss. The parties should consider whether Rule 56 is a more appropriate vehicle—or whether a better way to proceed would be limited discovery followed by a summary trial proceeding that could be accomplished expeditiously. We can, of course, have full discovery and trial as another alternative. We will discuss this at the initial pretrial conference in this matter.

I. THE SAC

The Rule 12(b)(6) standard is well known and hardly needs to be repeated here. Suffice it to say that on such a motion this Court must accept as true all well-pleaded factual allegations, and construe all inferences drawn therefrom in plaintiff's favor. Here, the SAC is pled in an odd way—with much argument and few facts. For purposes of analyzing the sufficiency of the SAC, the Court properly ignores legal argument and focuses solely on the factual allegations. While sparse, the factual allegations are as follows:

1. On July 16, 2016, plaintiff took the photograph at issue in this lawsuit;
2. Each defendant displayed the photograph on its website, without having obtained a license to do so;
3. Defendants' actions were for profit;
4. The photograph was originally "introduced into the Internet without plaintiff's knowledge or consent, and all of the defendants' infringing displays occurred within a limited period of time." (SAC ¶ 11.);

5. Defendants' display of the photograph was "in full and in color" (id.¶ 26(a));

6. The technological process used by the defendants to "embed" the photograph on their websites did not provide any "instructions" to visitors of their sites regarding the location of the photograph; for instance, defendants did not include an "address" for the photograph (id. ¶ 26(b), (c));

7. The users of defendants' websites did not have to make a decision as to whether they wanted to see the photograph, and then click on a link that took them to the photograph, but were rather taken to the location of the photograph by defendants' website itself (id. ¶ 26(d));

8. Defendants singled out the photograph for prominent display on their websites (id. ¶ 26€); and

9. The photograph was not in a "window" or a "frame" on the defendants' websites (id. ¶ 26(g), (h)).

II. THE MOTIONS TO DISMISS

As stated above, all defendants have moved to dismiss the case on two separate bases: non-infringement based on the technological process used to embed the photographs in the website, and fair use.

The defendants have submitted a variety of materials regarding the technological process of "embedding" that is at the core of their motion. In sum, defendants argue that Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146 (9th Cir.

2007), has fully and definitively resolved this issue against plaintiff. The rub here is that plaintiff has taken pains to allege facts that purport to distinguish this case from Perfect 10. In this regard, plaintiff alleges that the internal "instruction" process that leads a user to a photograph is materially different from that in Perfect 10, that the photograph is shown in full, that it is not "framed," and that it was selected for prominent display on the website. While the Court can take judicial notice of the articles from the defendants' websites to make some headway in resolving certain of these issues, others require a fuller record. For instance, the Court cannot review the facts simply recited in other cases that discuss "embedding" on other websites and assume as a matter of law that the same process is used here. That is particularly so when the plaintiff has included specific allegations in an attempt to create distinctions. Thus, on the embedding/non-infringement issue, it may be that defendants may ultimately prevail (or not)—but that cannot be determined at this stage.

There are also issues with resolving the fair use motion at this stage. Fair use is a defense—and it is most commonly resolved on summary judgment or at trial. The reason for that is clear: whenever the Court needs to review all four factors, the allegations in the complaint are typically insufficient. Certainly there are cases when the use is so truly transformative that fair use is clear as a matter of law on the pleading alone. But in this case, while defendants focus primarily on the first element of fair use—that the use was news reporting—even if the Court were to agree (which it need not decide now), that is not entirely dispositive.

4

Among the remaining issues is whether the defendants usurped a market opportunity from plaintiff. As the Court stated above, based on the four corners of the complaint, it knows nothing about plaintiff except that plaintiff does own the copyright and has alleged that the dissemination on the Internet was without his authorization. Copyright ownership gives him exclusive display and distribution rights. Construing plaintiff's allegations most favorably, the internet articles took the place of any authorized use plaintiff would have made (or chosen not to make) of the photograph: the photograph was portrayed in full, and it was widely disseminated—leaving little for plaintiff. Now, it may turn out that plaintiff's allegation that he did not authorize dissemination on the Internet is incorrect, and that he caused its initial dissemination, or that his intended use was so different from the defendants' that there was no market impact. That needs to be developed in a factual record. In connection with this motion, however, the Court has re-read a large number of fair use cases and is convinced that the current procedural posture is not the best one for resolution of the claim.

For the reasons set forth above, the motions to dismiss (ECF Nos. 55 and 59) are DENIED. The Clerk of Court is directed to terminate those motions.

SO ORDERED.

Dated:    New York, New York
             August 21, 2017

                                                  KATHERINE B. FORREST
                                                  United States District Judge