UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

JUSTIN GOLDMAN,

                        Plaintiff,

            -v-

BREITBART NEWS NETWORK, LLC,
HEAVY, INC., TIME, INC., YAHOO, INC.,
VOX MEDIA, INC., GANNETT COMPANY,
INC., HERALD MEDIA, INC., BOSTON
GLOBE MEDIA PARTNERS, INC., and NEW
ENGLAND SPORTS NETWORK, INC.,

                        Defendants.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 1, 2017

17-cv-3144 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

       The Court has reviewed the parties' submissions.  Based on the current record, it does not appear that there are triable issues of fact on the question of copyright liability (or non-liability) with regard to "embedding."

       The trial date is therefore adjourned as a "trial," but the parties should hold the first day of the allotted time (**Tuesday, January 16, 2018**) for oral argument. The Court will decide at a later date whether oral argument is necessary.

       With that said, the Court is not convinced in need resolve that question in order to resolve the claims herein. Given the submissions, it is clear that the defendants are several layers down from the plaintiff: an initial known friend posted the content at issue, another known person re-posted it on a site (Reddit). From there, it was picked up and tweeted by "John/Jane Doe."  When John/Jane

Doe used Twitter to post the work, he/she did so pursuant to Twitter's terms of service.

Defendants submitted the Twitter terms of service as part of their statement of undisputed facts. (ECF No. 120.) Plaintiff did not dispute the terms of service. Those terms provide that the user—that is, the individual who posts the tweet with content—conveys to Twitter a non-exclusive license to use, display, and broadcast the work, and to sublicense others to do the same. Based on these terms of service, it appears to the Court that the defendants' position is derivative of Twitter's; that is, if Twitter's connection to the content was pursuant to an actual or implied license, then so is the defendants'.

Thus the Court would like additional briefing on the following:

1) Whether, in light of the uncontested terms of service, the defendants' use of the tweet was, in effect or fact, an actual or implied sub-license from Twitter?;

2) Whether plaintiff could state a claim against Twitter—or whether such claim would be precluded by the terms of service (leaving any claim to run against the individual who posted the tweet); and, if plaintiff cannot state a claim against Twitter, how, as a matter of law, can he state one against the defendants (whose use is derivative of Twitter's)?; and

3) Does/can Twitter obtain sufficient actual/implied rights when one who lacks a license in fact posts to Twitter, implicitly asserting he possesses adequate rights?

Each side should submit their views on the above simultaneously **not later than December 18, 2017.**

SO ORDERED.

Dated:   New York, New York
         December 1, 2017

_____
KATHERINE B. FORREST
United States District Judge