**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

`- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -` X

|  |  |
|---|---|
| JUSTIN GOLDMAN, | No. 17 Civ. 3144 (AJN) (SN) |
| Plaintiff, | |
| | ECF Case |
| v. | |
| | **STIPULATED** |
| BREITBART NEWS NETWORK. LLC; HEAVY, | **CONFIDENTIALITY** |
| INC.; TIME, INC.; YAHOO, INC.; VOX MEDIA, | **AGREEMENT AND [PROPOSED]** |
| INC.; GANNETT COMPANY, INC.; HERALD | **PROTECTIVE ORDER** |
| MEDIA, INC.; BOSTON GLOBE MEDIA | |
| PARTNERS, LLC; NEW ENGLAND SPORTS | |
| NETWORK, INC., | |
| Defendants. | |

`- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -` X

WHEREAS, all the remaining parties to this action (collectively, the "parties" and individually a "party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of personal and/or nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action,

NOW THEREFORE, the parties, through their attorneys, agree to the following terms and request that the Court so-order this stipulation to enter a confidentiality order (the "Protective Order") governing this action:

## I.   DISCOVERY PHASE

A.   If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this

action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

B.      These obligations of confidentiality and nondisclosure shall bind the parties through all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, and shall survive the conclusion of this action until otherwise ordered by the Court, or until the parties to this action stipulate that designated Confidential information can be disclosed.

C.      Documents provided in this litigation may be designated by the producing person or by any party by marking each page of the documents so designated with a stamp indicating that the information is "CONFIDENTIAL." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party by labeling the file name as "CONFIDENTIAL." If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "CONFIDENTIAL." In addition, documents may be designated "Confidential" by other means that clearly communicate that designation.

D.      If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

E.      No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order.

Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

F.      Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

G.      Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as CONFIDENTIAL by indicating on the record at the deposition that the testimony is CONFIDENTIAL and is subject to the provisions of this Order.

H.      Any party also may designate information disclosed at a deposition, hearing or trial as CONFIDENTIAL by notifying all parties in writing not later than 15 days of receipt of the final transcript of the specific pages and lines of the transcript that should be treated as CONFIDENTIAL thereafter. All deposition transcripts shall be treated as CONFIDENTIAL for a period of 15 days after initial receipt of the final transcript.  In the event that expedited disclosure may be required by a party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the CONFIDENTIAL information in question, the concerned party shall negotiate in good faith for a shortened expiration period.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

I.      Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive any document or other material which is

marked "**CONFIDENTIAL** pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential material or information is being used or discussed.

      J.     To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

      K.     If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

      1.     Provide a copy of this Protective Order to the person to whom disclosure is made;

      2.     Inform the person to whom disclosure is made that she or he is bound by this Protective Order; and

      3.     Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material.

      L.     At the conclusion of the action, the parties or their attorneys must gather the "**CONFIDENTIAL**" materials, copies thereof, and related notes and memoranda that have been disclosed to them pursuant to this protective order, and either destroy them or return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

M.     The inadvertent or unintentional disclosure of the documents and things produced during the course of this litigation within the scope of Paragraph I.A by any party, or their agents, representatives, consultants or experts, regardless of whether the material was so designated at the time of disclosure shall not be deemed a waiver in whole or in part of such party's claim of protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon discovery that a party has inadvertently disclosed any documents and things produced during the course of this litigation within the scope of Paragraph I.A, the disclosing party shall have three (3) days from the date of discovery to designate the inadvertently produced material via email or first class mail as "**Confidential Information**" in accordance with the provisions set forth herein.  Any inadvertently-disclosed material so designated shall be subject to the same protections under this Protective Order as if the material were so designated prior to the inadvertent disclosure.

The receiving party shall promptly, within (3) days of discovery of any inadvertent disclosure of the documents and things produced during the course of this litigation within the scope of Paragraph I.A, inform the producing party via email or first class of the information contained therein or any violation of this Protective Order that comes to its attention.

N.     In addition to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the parties agree that the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the producing party promptly notifies the receiving party in writing after discovery of such inadvertent production or disclosure.  Such

5

inadvertently-produced or disclosed documents or information, including all copies thereof, shall

be returned to the producing party or destroyed immediately upon request. The receiving party

shall also immediately destroy any notes or other writing or recordings that summarize, reflect,

or discuss the content of such privileged information. No use shall be made of such documents or

information in discovery, in deposition, in court filings or at trial.  Nor shall such documents or

information be shown to anyone, after a request for their return, who is not entitled to have

access to them.  The receiving party may move the Court for an Order compelling production of

any inadvertently produced or disclosed document or information, but the motion shall not assert

as a ground for production the fact of the inadvertent production or disclosure, nor shall the

motion disclose, summarize, characterize, or otherwise use the content of the inadvertently

produced document or information (beyond any non-privileged information sufficient to provide

the Court with necessary context to resolve the motion)

## II.    POST-DISCOVERY PHASE

A.    If any party or attorney wishes to file, or use as an exhibit or as evidence at a

hearing or trial, any "**CONFIDENTIAL**" document or material, she or he must provide

reasonable notice to the party that produced the document or material.  The parties and/or

attorneys shall then attempt to resolve the matter of continued confidentiality by either (a)

removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted

version that suffices for purposes of the case.  If an amicable resolution proves unsuccessful, the

parties and/or attorneys may present the issue to the court for resolution.  The proponent of

continued confidentiality will have the burden of persuasion that the document or material

should be withheld from the public record in accordance with controlling precedent.  *See, e.g.,*

*Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 8-9 (1986); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

## III.   SURVIVAL OF AGREEMENT

A.   This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom "**CONFIDENTIAL**" material is produced or disclosed.

B.   With the Court's permission, this Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**NORWICK & SCHAD**

By: _____
Kenneth P. Norwick
110 East 59th Street
New York, NY 10022
Tel.: (212) 233-1660
ken@norwickschad.com

*Counsel for Plaintiff*

**WINSTON & STRAWN LLP**

By: _____
Jennifer A. Golinveaux
Andrew T. Foglia
101 California Street
San Francisco, CA 94111
Tel.: (415) 591-1400
jgolinveaux@winston.com
afoglia@winston.com
*Counsel for Defendant Oath Holdings Inc.*

**BALLARD SPAHR LLP**

By: _____
Robert Penchina
1675 Broadway, 19th Floor
New York, NY 10019
Tel.: (212) 850-6109
penchinar@ballardspahr.com
*Counsel for Defendant Gannett Company, Inc.*

7

**DAVIS WRIGHT TREMAINE LLP**

By: _____

    Lacy H. Koonce, III

    Eric J. Feder

1251 Avenue of the Americas, 21st Floor

New York, NY  10020

Tel: 212-489-8230

lancekoonce@dwt.com

ericfeder@dwt.com

*Counsel for Defendant Time Inc.*

**LEBOWITZ LAW OFFICES LLC**

By: _____

    Marc A. Lebowitz

    Keith Getz

747 Third Avenue, 23rd Floor

Tel.:  (212) 682-6818

marc@lebolaw.com

*Counsel for Defendant Heavy, Inc.*

Dated: _____, 2019         Dated: _____, 2019

SO ORDERED.

_____

Hon. Alison J. Nathan

United States District Judge