NORWICK & SCHAD
ATTORNEYS AT LAW

110 EAST 59TH STREET
NEW YORK, NEW YORK 10022

(212) 751-4440
FAX: (212) 604-9997

E-MAIL: KEN@NORWICKSCHAD.COM
WEBSITE: WWW.NORWICKSCHAD.COM

February 11, 2019

BY ECF
Hon. Sarah Netburn
United States Magistrate Judge
United States District Court
    for the Southern District of New York
40 Foley Square
New York, NY 10007

       Re: <u>Goldman v. Breitbart News Network, LLC et al., 17 CV 3144 (AJN)(SN)</u>

Dear Judge Netburn:

      I represent the plaintiff in this case. I write pursuant to Your Honor's direction at the hearing on February 4, 2019, in connection with the plaintiff's attempt to obtain "financial" discovery from the defendants. Specifically, here is a verbatim extract from that hearing:

      THE COURT: . . . . So it's Monday. I want you to have a serious meet-and-confer with the defendants about the discovery, the financial discovery. I take it from your reply letter that you have been working, maybe informally, with the defendants to narrow and target the type of discovery that you're seeking here. And so you should continue that effort. And then why don't we set a deadline of next Monday to file any letter seeking to compel any financial discovery? So that letter would be due on the 11th. And the defendants can file any reply brief by the 13th. So that's Wednesday. Monday and Wednesday.

      Complying with that direction, the next day (February 5), following the deposition of a non-party witness, I initiated that "meet and confer" with counsel for defendants Yahoo and Gannett, providing them with a one-page statement of the "financial" discovery I was seeking. (A copy of that statement is annexed hereto as Exhibit "A.") (Counsel for the other two defendants, Heavy and Time, Inc., did not attend the deposition but the counsel who were there said they would share and discuss the request with them.) We then engaged in brief colloquy and I was told I would receive a response from the defendants to our request. (With rare exceptions, the four defendants speak with one voice, usually through counsel for Yahoo, on discovery matters like this.)

About our request: Acutely aware of these defendants' (apparently jointly developed) reluctance to provide discovery in this case -- we have yet to receive anything in response to Your Honor's directions at the January 22 hearing -- I deliberately set out to find the most factually analogous, and the most judicially supported, discovery formulation I could. That search led to the Court's decision in Kaseberg v. Conaco, 2016 U.S. Dist. LEXIS 97581 (S.D. Cal. 2016). There, the plaintiff claimed "that after he wrote and published four jokes on his personal online blog and/or Twitter account, each joke was subsequently featured in the monologue segment of the 'Conan' show." He sued for copyright infringement and sought extensive financial discovery from the defendants (including Turner Broadcasting System, Inc. and Time Warner Inc.)

The defendants resisted the plaintiff's requests for financial discovery, emphasizing the minuscule and fleeting nature of the alleged infringements. (The alleged infringements here were far more prominent -- indeed they were in effect "centerpieces" on the defendants' websites for weeks -- and were the opposite of fleeting, being in effect "permanently" displayed on those sites until they were taken-down in response to the plaintiff's demand.) The Court in Kaseberg rejected the plaintiff's "overbroad" requests for financial discovery, but then ruled:

> In his Complaint, Plaintiff alleges the jokes at issue were featured in the monologue segments of the January 14, 2015, February 4, 2015, February 17, 2015, and June 9, 2015 Conan shows. . . . **Therefore, although the jokes amounted to less than 0.05% of each of these shows, the Court finds the gross revenue and net profits of these particular shows relevant to Plaintiff's damages claim.**

At *24 (emphasis added).

The parallels to this case are striking. Both involved alleged infringements of copyrighted content as part of larger (presumably) non-infringing editorial content (here profit-seeking webpages; there profit-seeking television shows) and both involved arguments that the profits "attributable" to the infringements (as required by the applicable statute) would be impossible to ascertain. The Court in Kaseberg rejected that latter argument. Further, the plaintiff's claim for profits, among other issues, will be tried to a jury in May of this year.

The legal basis for financial discovery in copyright cases like this one is beyond dispute. Such discovery is assumed, if not required, in the applicable statute -- Section 504(b) of the Copyright Act -- as well as in the Second Circuit's seminal opinion in Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). Just a few months ago (October 24, 2018), Judge Engelmayer issued what is probably the most penetrating and definitive opinion ever rendered on the precise discovery question presented here. Viktor v. Top Dawg Entertainment LLC, 2018 U.S. Dist. LEXIS 182541 (S.D.N.Y. 2018). That case involved the allegedly infringing (19-second) use of

the plaintiff's copyrighted artwork in a music video. As here relevant, the plaintiff sought an appropriate award from the "indirect profits" resulting from the exploitation of the video. The defendants argued that no financial discovery should be allowed. Judge Engelmayer forcefully disagreed:

> The Court appreciates the possibility, as defendants forecast, that, like Mackie and Complex Systems, Viktor ultimately will prove unable to demonstrate non- speculatively the required nexus between defendants' alleged infringement and their profits. But, without discovery, including expert discovery, it is premature to so assume.

At *8. The present -- pre-summary judgment -- discovery dispute in this case is essentially identical to the dispute in Viktor – and in Kaseberg – and the result should be the same.

Guided (and limited) by those cases, our financial discovery request – as set forth in the written statement we provided to defendants on February 5 – sought only such "documents that are sufficient to show or permit extrapolation of the gross revenue and net profits of the particular website publications that included plaintiff's copyrighted photo," directly quoting from the Court's ruling in Kaseberg.

The defendants' response (actually, non-response). Flouting Your Honor's explicit direction that the parties engage in a "serious meet and confer" on this issue, the defendants have not responded at all to our revised discovery request, except that in our colloquy on February 5 defendants' counsel who were there agreed with our interpretation of the effect of Judge Engelmayer's ruling in Viktor.

. We respectfully submit that the defendants should be ordered to comply with the limited and judicially-approved discovery request we made to them on February 5th in compliance with Your Honor's direction.

---------------

I wish to raise here a separate discovery matter. In an Interrogatory, the defendants asked: "Identify all social media services of which You are a member, including but not limited to, Facebook, YouTube, Twitter, Snapchat, Instagram, LinkedIn, and provide the handle or username You use for each account." We responded in part: "Plaintiff further objects to this Interrogatory because it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and would permit an unduly intrusive violation of Plaintiff's privacy and a wholesale fishing expedition into his personal life and relationships." The defendants have not to date pursued that request, but the plaintiff's deposition is scheduled for this Wednesday, February 13, and

I anticipate they will renew that question then. I respectfully request a brief telephone conference with Your Honor either today or tomorrow for a pre-deposition ruling on the request for plaintiff's "usernames" or a brief telephone conference during the deposition on Wednesday for that purpose. If we are unable to have a conference before the deposition takes place, I will propose that blanks be left in the transcript with respect to plaintiff's "usernames" -- but not otherwise -- pending Your Honor's ruling on this issue. Specifically, we will not object to case-related questions addressed generally to plaintiff's "membership" in social media websites.

.

Respectfully submitted,

Kenneth P. Norwick

cc: All counsel (by ECF)

In Kaseberg v. Conaco, 2016 U.S. Dist. LEXIS 97581 (S.D.Cal. 2016), the plaintiff claimed "that after he wrote and published four jokes on his personal online blog and/or Twitter account, each joke was subsequently featured in the monologue segment of the 'Conan' show." He sued for copyright infringement and sought extensive financial discovery from the defendants (including Turner Broadcasting System, Inc. and Time Warner Inc.)

In an opinion addressing the permissible extent of that requested discovery, the Court ruled:

> In his Complaint, Plaintiff alleges the jokes at issue were featured in the monologue segments of the January 14, 2015, February 4, 2015, February 17, 2015, and June 9, 2015 Conan shows. . . . **Therefore, although the jokes amounted to less than 0.05% of each of these shows, the Court finds the gross revenue and net profits of these particular shows relevant to Plaintiff's damages claim.**

At *24 (emphasis added).

Guided (and limited) by that ruling, plaintiff now seeks from each defendant only such documents that are sufficient to show or permit extrapolation of **the gross revenue and net profits of the particular website publications that included plaintiff's copyrighted photo.**

**EXHIBIT "A"**