NORWICK & SCHAD
ATTORNEYS AT LAW

110 EAST 59TH STREET
NEW YORK, NEW YORK 10022

(212) 751-4440
FAX: (212) 980-9391

E-MAIL: KEN@NORWICKSCHAD.COM
WEBSITE: WWW.NORWICKSCHAD.COM

February 20, 2019

BY ECF
Hon. Sarah Netburn
United States Magistrate Judge
United States District Court
  for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: Goldman v. Breitbart News Network, LLC et al., 17 CV 3144 (AJN)(SN)

Dear Judge Netburn:

I represent the plaintiff in this case.  I write to request a conference -- or at least clarification – concerning several preliminary questions relating to the imminent motions for summary judgment to be made by at least one and possibly all of the defendants.

By way of background: In 2017 Judge Forrest directed that a specific issue -- the "embed" defense -- be the subject of early summary judgment adjudication.  In February 2018 Judge Forrest denied the defendants' motion for summary judgment on that issue and granted partial summary judgment on that issue to plaintiff.  By way of further background, at the hearing before Your Honor on January 22 the following discussion occurred (with apologies for the lengthy block quote):

> THE COURT: OK. Let me stop you because I have other conferences I need to get to. I'm wondering whether or not -- it sounds like most of the discovery that is still outstanding -- maybe that's not entirely true -- I'm just wondering whether we can frontload a summary judgment motion.  If there's a legal question here that the parties are interested in, maybe we could frontload or at least schedule for the near future the summary judgment motion. The parties can continue with their damages discovery while that summary judgment motion is proceeding. And that way we can get to the legal question that the defendants want answered, and that might expedite a settlement. If they're wrong on the law, then maybe they'll be more interested in a settlement, but it sounds like they're not going to settle until they get an answer from the Court on the legal question.

Hon. Sarah Netburn
February 20, 2019
Page Two

    MR. NORWICK: I think I'm OK with that. But I don't -- Judge Forrest granted summary judgment on the embed issue. That issue was closed at this level. It's closed. <u>The only other defense apparently that I'm hearing is a DMCA safe harbor. That means that it was uploaded by user-generated content. I'm not aware, unless they think the embed, the tweet, is user generated -- I'm willing to have a summary judgment on the safe harbor tomorrow. I think only one of them is making that argument. I could be wrong about that. But, yes, the DMCA provides a safe harbor for user-generated content, not when the website plucks it and uses it itself.</u>

    THE COURT: <u>Is that a legal issue that you want resolved?</u>

    MS. GOLINVEAUX: <u>Not exactly, your Honor. In the DMCA safe harbor provision there are four discrete safe harbors. Mr. Norwick is referring to one of them that we're not bringing into this case. We're talking about another one that specifically addresses linking and says in a situation if there's a takedown notice and defendants take it down there's safe harbor, or if there's no takedown notice there can also be safe harbor, and as they concede there was a takedown notice here. So we're look at a different provision of the safe harbor which is Section 512(d).</u>

    THE COURT: So it's a DMCA safe harbor question that you want resolved.

    MS. GOLINVEAUX: Correct. That's not the only defense. There's implied license and fair use also, but in terms of this early summary judgment, it would be the DMCA --

    THE COURT: I don't want seriatim summary judgment motions, so you're going to get one opportunity. Are you prepared to move on all the issues that you want to move on?

    MS. GOLINVEAUX: The problem, your Honor, is, we need to complete depositions in order to be in a position to move on implied license.

    THE COURT: All right. When can you take those depositions?

Transcript, pages 27-29, emphasis added.

    And for further background, on February 14 I sent an email to counsel for all defendants that stated in relevant part:

> I thought it would be helpful to start this email conversation in anticipation of the plaintiff's depositions of the four corporate defendants.
>
> First, I ask each defendant to advise me -- ASAP -- as to the SJ motions each plans to make next month -- i.e, each separate factual/legal separate motion -- e.g., "implied license"; 512(c); 512(d); other. This information will enable me to plan/schedule our depositions most efficiently.
>
> Second: My current intention is to take depositions of each defendant with respect (at least) to the following subject areas: a) existence and implementation of "fair use" policies, including in July 2016 and including with respect to the Photo; b) claims of infringement made against each defendant and the defendant's response to them, including settlements; c) the determination and attribution of "gross revenues" and "profits" with respect to each website that displayed the Photo, including with respect to the actual displays of the Photo; d) the factual bases of any 512(c) and/or 512(d) motions; and e) the factual bases of any "implied license" motion. Please advise if this makes sense to you and whether we can come up with a coherent plan for those depositions.
>
> With your responses to the above, I assume we can work together to plan and schedule the needed depositions in the most efficient and least burdensome way possible.

To date, there has been no response to that email. (This is not the first time the defendants have refused to respond to requests by me for responses to specific issues.)

By this letter, I seek clarification with respect to the following issues presented by the above:

Issue 1: Is a "UGC" Summary Judgment Motion Allowed Here? As I read the above-quoted excerpt from the January 22 hearing, a) Ms. Golinveaux, speaking at least for defendant Yahoo, indisputably represented to Your Honor that (at least) Yahoo would not be moving for summary judgment on the "user generated content" ("UGC") defense (set forth in Section 512(c) of the Copyright Act/DMCA) and b) Your Honor accepted that representation. However, since that hearing Ms. Golinveaux has indicated to me that (at least) Yahoo would in fact be moving for summary judgment on the "UGC" defense. I believe any such motion is precluded by the above-quoted representation and court acceptance of it, and that allowing that motion would be a major improper enlargement of the breadth of the potential motions with a corresponding additional burden on the plaintiff. Accordingly, I request the Court's clarification on this issue. And if the Court allows that new motion, I request identification of the defendants who will be

Hon. Sarah Netburn
February 20, 2019
Page Four

making it and the opportunity to seek appropriate discovery into the (ostensibly "undisputed") facts underlying the motion(s) -- perhaps after the motions are made, if they are. (A direct UGC defense was never even mentioned in any party's prior briefing in this case.)

Issue 2: Who Is Moving for What?   Except as discussed in the above-quoted excerpt from the January 22 hearing, I have no idea which defendant will be moving for summary judgment and on what grounds. I believe it is entirely fair and appropriate for me at this point to ask and be advised who will be moving for what, if only to allow me to decide how most efficiently to pursue specific depositions even before motions are actually made.

Issue 3: To What Court Will the Motions Be Addressed?   Based on conversations with lawyers for defendants, I can report that it is not clear to counsel whether the contemplated summary judgment motions are to be addressed to and decided by Your Honor or Judge Nathan. We request clarification on that issue as well.

Respectfully submitted,

Kenneth P. Norwick

cc: All counsel (by ECF)