

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**Jennifer A. Golinveaux**
415.591.1000
jgolinveaux@winston.com

March 6, 2019

VIA ECF & EMAIL
Hon. Sarah Netburn
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007
Netburn_NYSDChambers@nysd.uscourts.gov

    Re:    *Justin Goldman v. Breitbart News Network, LLC et al..*, 17-cv-3144 (AJN) (SN)

Dear Magistrate Judge Netburn:

    We write on behalf of both parties in response to the Court's February 27, 2019 order, ECF No. 225, requiring the parties to propose a reasonable schedule for discovery and any summary judgment motion. The parties have exchanged several rounds of emails but have not been able to agree on a schedule. We therefore submit this joint letter setting out Plaintiff's proposed schedule and Defendants'.

    **A.    Plaintiff's Proposed Approach**

    In an email to defendants' counsel on March 4, plaintiff's counsel wrote:

On 2/23 I proposed as follows [to Judge Netburn]:

Assuming, while opposing, that the defendants are allowed to thus enlarge their proposed motions, we respectfully request that the Court order a) that except for discovery into damages plaintiff complete all necessary (including document- request) discovery by April 19, 2019; b) that defendants cooperate fully in that connection; c) that defendants' four -- §512(c), §512(d), "implied license," and "fair use"-- motions be filed by May 10, 2019, and d) that plaintiffs opposition to all those motions be filed by June 21 , 2019.

    I now propose that we include discovery into damages, among all other fact issues, in the contemplated schedule, and that that schedule be: a) plaintiff complete all fact (including document-request) discovery by May 17, 2019; b) defendants cooperate fully in that connection; c) defendants' four -- §512(c), §512(d), "implied license," and " fair use"-- motions be filed by June 21, 2019, d) plaintiff's opposition to all those motions (and his cross-motions) be filed by August 2, 2019. and e) defendants replies be filed by August 23, 2019.

In an email from defendants' counsel to plaintiff's counsel on March 5, they presented their proposed schedule, which presumably will be set forth below. Shortly thereafter, plaintiff's counsel responded as follows (typos fixed):

> It looks like we're not going to agree on a schedule. First, for several reasons I believe all expert discovery should await the outcome of your summary judgment motions. Obviously, if you prevail, all such discovery will have been unnecessary and a major waste of time and money that our side would like to avoid. Also, my putative expert (on damages) will need access to all (relevant) [discovery] and time to evaluate it, and your schedule does not really permit that. [Second], I will pursue document discovery on newly asserted defenses (like 512(c)) and will not agree that it is foreclosed. Third, I believe your allotted time for my responses to your (I assume) four substantive motions, on behalf of four separate defendants, is too short.

Plaintiff's counsel adds: Unlike at least three of the four defendants, which are giant corporations represented by major law firms, plaintiff is a young individual represented by a (not so young) sole practitioner, and we respectfully submit that plaintiff will need more time than those defendants to complete all that remains to be done within the ultimate schedule.

### B. Defendants' Proposed Schedule

Defendants propose the following schedule. The key differences between Defendants' proposal and Plaintiff's are that (1) Defendants' schedule allows time for experts and expert discovery, while Plaintiff's does not; and (2) in addition to time for depositions, Plaintiff now seeks to reopen document discovery, which closed on February 1, 2019, pursuant to the Court's September 21, 2018 Order, ECF No. 200, and which the Court has never extended. Contrary to Plaintiff's assertion, there are no "newly asserted defenses" justifying an extension to document discovery at this late date in the proceeding. All of the grounds on which Defendants intend to move for summary judgment were asserted in their pleadings. Defendants' schedule also builds in three weeks for Plaintiff to respond to Defendants' combined motion for summary judgment. ECF No. 214 at 29:16-18, 33:19-22. Defendants propose the following schedule:

1. The Parties shall complete all fact depositions by April 17, 2019.

2. The Parties shall disclose the identities and subject matters of affirmative experts, if any, by May 1, 2019.

3. The Parties shall disclose the identities and subject matters of rebuttal experts, if any, by May 15, 2019.

4. The Parties shall exchange any reply expert reports by May 29, 2019.

5. All discovery shall be completed by June 7, 2019.

6. The Parties shall file any motions for summary judgment by June 21, 2019.

7. The Parties shall file any oppositions to motions for summary judgment by July 12, 2019.

8. The Parties shall file any replies in support of motions for summary judgment by July 26, 2019.

Defendants believe this schedule is both efficient and reasonable. Plaintiff will have an additional six weeks to take the depositions he feels he needs to oppose summary judgment—bearing in mind that he could have noticed these depositions any time in the past several months. Expert discovery will be completed in a little under two months from the close of fact discovery. And any summary judgment motions will be filed two weeks later.

Defendants disagree with Plaintiff that expert discovery should be deferred until after summary judgment. There is no separate damages discovery that the Parties need to initiate before experts can be consulted and Defendants will likely use expert testimony as part of their summary judgment submission. As Your Honor is aware from Plaintiff's many letters on the subject, the Parties have already served written discovery requests regarding damages and produced documents in response to those requests. Defendants have already taken multiple depositions that inquired into the Plaintiff's damages. The proposed schedule gives Plaintiff more than a month to take any depositions he requires and until May 1, 2019 to prepare any expert report on the subject. This is more than sufficient.

Very truly yours,

/s/ Jennifer A. Golinveaux

Jennifer A. Golinveaux
Winston & Strawn LLP

cc: All parties through counsel